**E-FILED**
Thursday, 18 February, 2016  04:13:17 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JOVONTE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   15-cv-3288 |
| | ) | |
| JEFF KORTE, Warden, LT. LAW, LT. | ) | |
| MEGINSON, C/O BROOKS, SCOTT | ) | |
| ZIMMERMAN, and FOUR UNKNOWN | ) | |
| ORANGE CRUSH TACTICAL TEAM | ) | |
| MEMBERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

Plaintiff Jovonte Brown, proceeding *pro se*, is currently incarcerated in the Western Illinois Correctional Center ("Western") and was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Complaint to "identify cognizable claims" or dismiss it or any portion of it that is "frivolous, malicious, [ ] fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In reviewing the Complaint, the Court accepts the factual allegations as true, and liberally construes them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Plaintiffs must provide enough facts to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal

citations and quotations omitted). The Court may consider documents that are attached to the complaint to be part of the complaint. *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004).

## FACTUAL BACKGROUND

Plaintiff alleges that on April 14, 2014, correctional officers employed by the Illinois Department of Corrections ("IDOC") conducted a tactical shakedown of cells at Western. These officers, who are part of the IDOC's "Orange Crush" tactical team, extracted him from his cell in unit 4-D-31. (Doc. 1 at 9). During this removal, members of the tactical team "beat him severely," by repeatedly hitting him on the head and arm with a baton, choking him, and kicking him in the face. (*Id*. at 6).

Following the cell extraction, members of the tactical team forced Plaintiff to "place his head in another inmates [sic] buttocks," and walk "nut to butt" behind the inmate from the cell house unit to the gym. (*Id*. at 6-7). The tactical team forced Plaintiff to stand in the gym for approximately two hours. (*Id*. at 7). During this time, Plaintiff had his hands cuffed behind his back, and another inmate was standing directly behind him. (*Id*.). That inmate's genitals were either in Plaintiff's hands or were rubbing against Plaintiff's buttocks. (*Id*.). Plaintiff also needed to stare at the floor. (*Id*.). Plaintiff did not have access to the bathroom during this time. (*Id*.).

Throughout this time, members of the tactical team obscured their identities. (*Id*.). They failed to wear nametags, shielded their faces with helmets, and beat inmates who looked at them or whom they suspected looked at them. (*Id*.). Furthermore, a number of staff members at Western, including Warden Jeffrey

Korte, Correctional Officer Lieutenant Law, Internal Affairs Officer Lieutenant Meginson, Correctional Officer Brooks, and Correctional Officer Scott Zimmerman, witnessed all of these events. (*Id.* at 2-3, 6-7).

## DISCUSSION

Plaintiff has filed his Complaint pursuant to 42 U.S.C. § 1983 against nine separate Defendants, and alleges that they have violated his Eighth Amendment rights. From Plaintiff's Complaint, the Court discerns two distinct categories of claims: those against the tactical team, and those against the employees who witnessed the tactical team's actions.

### I. Claims against the "Doe" Defendants on the Tactical Team

Plaintiff's first Eighth Amendment claim is stated against members of the Orange Crush tactical team. Plaintiff has listed four "John Doe" Defendants who he alleges both beat him and sexually humiliated him. (*Id.* at 4, 6-7).

Prison officers violate the Eighth Amendment when they use force "maliciously and sadistically to cause harm," rather than as part of a "good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In the context of strip searches, prison officials violate the Eighth Amendment when their actions are either "motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons," or otherwise justified but "conducted in a harassing manner intended to humiliate and cause psychological pain." *E.g.*, *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). The Seventh Circuit has further held that prison officials violate the Eighth Amendment

when they transport inmates in a way that appears to be "calculated harassment unrelated to prison needs" or "intended to humiliate and cause psychological pain." *See King*, 781 F.3d at 897 (internal quotations marks omitted); *see also Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (explaining that "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights," and further noting that "sexual offenses need not involve *any* touching.").

Plaintiff's allegations that he was repeatedly hit on the head and the arm, choked, and kicked during his cell extraction are sufficient to state a claim that the members of the tactical team beat him "maliciously and sadistically to cause harm." *See Wilkins*, 559 U.S. at 37; *see also Ellis v. Myers*, No. 3:14-CV-1575 JD, 2014 WL 3818266, at *1 (N.D. Ind. Aug. 1, 2014) (holding that inmate's allegations that he was repeatedly struck with elbows and knees, overly-restrictively restrained in handcuffs and leg irons, and kicked sufficiently state Eighth Amendment claim even when it is unclear whether inmate was acting disruptively). His allegations that the tactical team forced him to come into close contact with another inmate's genitals and put his own genitals in close contact with another inmate while moving from the housing unit to the gym and also while waiting in the gym over an extended period of time are sufficient to state a claim that the members of the tactical team behaved in a way that was either calculated to harass him or intended to humiliate him and cause him psychological pain. *See King*, 781 F.3d at 897.

The fact that Plaintiff has yet to identify the members of the tactical team or attribute specific acts to specific members of the tactical team is not fatal to his

claims. Here, Plaintiff has identified members of the tactical team as a group, and has alleged that the group of tactical team members violated his constitutional rights. Group pleading in a situation like this is permissible. *See Koh v. Graf*, No. 11-cv-2605, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013). Not permitting group pleading "would effectively allow police officers to violate constitutional rights with abandon as long as they ensured they could not be individually identified . . . ." *Id.* "Correctional officers may not benefit from a plaintiff's inability to identify particular officers who were involved in an alleged violation of inmate rights." *Ross v. Gossett*, No. 15-cv-309, 2016 WL 335991, at *3 (S.D. Ill. Jan. 28, 2016). The Court notes, however, that in order to survive a motion for summary judgment, Plaintiff will need to identify the John Doe Defendants through discovery and tie each individual John Doe Defendant to actions that violated his constitutional rights.

If Petitioner is attempting to base a separate Eighth Amendment claim solely on the fact that he was denied access to a toilet for two hours, such a claim is dismissed. Plaintiff alleges that he did not have access to the restroom for the two hours that he was in the gym. Although an inmate may state an Eighth Amendment based on the conditions of his confinement, lack of access to a bathroom for a few hours is "insufficiently egregious to approach the level of unconstitutional punishment." *See Clark v. Spey*, No. 01 C 9669, 2002 WL 31133198, at *2 (N.D. Ill. Sept. 26, 2002).

Petitioner also alleges that the tactical team "violated the Federal Prison Rape Elimination Act" by forcing him to walk "nut to butt" from the cell house to the gym and later forcing him to stand in close proximity to another inmate's

5

genitals. (Doc. 1 at 6-7). As there is no private right of action available under the Prison Rape Elimination Act, such a claim must be dismissed. *See Ross*, 2016 WL 335991, at \*4 (surveying cases and holding that the Prison Rape Elimination Act does not include an private right of action).

### II. Claims against the Identified Defendants

Plaintiff has also alleged that various named employees of Western violated his constitutional rights by failing to intervene and stop the tactical team. An officer who is present and fails to intervene and prevent other officers from violating the constitutional rights of individuals is liable under § 1983 if that officer "had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and the* officer had a realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Officers have a realistic opportunity to intervene if they could have cautioned those committing the constitutional violation to have stopped. *Id.* Plaintiff has alleged that Defendants Korte, Law, Meginson, Brooks, and Zimmerman were present while he was beaten by the tactical team, and watched it happen. (Doc. 1 at 6). He also alleges that they were present and aware of the fact that he was sexually abused while he walked from the cell house to the gym, and later in the gym. (*Id.* at 6-7). These allegations are sufficient to state an Eighth Amendment failure to intervene claim against each of these Defendants. *See Abdullahi*, 423 F.3d at 774; *Esther v. Fitch*, No. 15-cv-01010, 2015 WL 9474264, at \*5 (S.D. Ill. Dec. 29, 2015).

IT IS THEREFORE ORDERED THAT:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges that the four Doe Defendants who are members of the Orange Crush tactical team violated his rights under the Eighth Amendment by using excessive force when removing him from his cell, by moving him from his cell to the gym at Western in a way that was sexually humiliating, and by forcing him to stand in the gym for an extended period of time in a way that was sexually humiliating. Plaintiff also alleges that Defendants Korte, Law, Meginson, Brooks, and Zimmerman violated his rights under the Eighth Amendment by failing to intervene and stop the members of the tactical team from violating his rights under the Eighth Amendment.  These claims are stated against Defendants in their individual capacities. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants Korte, Law, Meginson, Brooks, and Zimmerman by mailing them each a waiver of service. Defendant has 60 days from service to file an Answer.  If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) Plaintiff has failed to identify the Orange Crush Defendants by name, and the Clerk cannot effect waiver of service as to these individuals. The Seventh Circuit has held that ". . . where a pro se plaintiff states a colorable claim but is unable to identify the proper defendants due to his incarceration, the district  court should assist him in identifying the proper parties." *Wetzel v. Sheahan*, 2000 WL 222557, at *4 (7th Cir. Feb. 22, 2000). The Court may assist Plaintiff by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials responsible. *Donald v. Cook Co. Sheriff's Dep't*, 95 F.3d 548 (7th Cir. 1996). Defendant Warden Korte is requested within 30 days of service to file with the Court the names of the Doe Orange Crush members who entered Plaintiff's cell on April 14, 2014 and

moved him from his cell to the gym. If he is unable to identify those individuals, he is to identify the information needed from Plaintiff to enable the identification. Ultimately, it is Plaintiff's responsibility to identify the Doe Defendants. If Plaintiff fails to properly identify and serve these Doe Defendants, he risks dismissal of the Doe Defendants without prejudice.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants are hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendants pursuant to the standard procedures; and 2) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

Lastly, it is ordered that if Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

Entered this 18th day of February, 2016.


                                             s/Joe B. McDade
                                         JOE BILLY McDADE
                           United States Senior District Judge