## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOVONTE BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.  15-cv-3288 |
| JEFFREY KORTE, et al., | ) ) ) |
| Defendants. | ) |

## ORDER & OPINION

Plaintiff Jovonte Brown was a prisoner at Western Illinois Correctional Center ("Western") on April 14, 2014, and claims that his constitutional rights were violated during a shakedown that occurred on that day. (Doc. 1). This matter is now before the Court on Defendants' Motion for Summary Judgment. (Doc. 19). In their motion and the accompanying memorandum, Defendants argue that the case must be dismissed without prejudice because Plaintiff failed to exhaust the necessary administrative remedies. As the undisputed material facts show, however, the administrative remedies that Defendants expected Plaintiff to exhaust were unavailable. The motion must be denied.

### FACTUAL BACKGROUND[1]

At the time that he filed this Complaint, Plaintiff was incarcerated at Western. He alleges in his Complaint that members of the Illinois Department of Corrections'

---

[1] Unless otherwise noted, the following facts are taken from the parties' submissions. (Docs. 20 and 21). Plaintiff included additional material facts in his response to Defendants' motion (*see* Doc. 21 at 3-4) to which Defendants did not respond. These additional material facts are therefore admitted. *See* C.D. Ill. L. R. 7.1(D)(3)(a)(5).

Orange Crush tactical unit conducted a shakedown of his cellhouse on April 14, 2014, and that during the shakedown those members violated his Eighth Amendment rights by using excessive force and subjecting him to sexual humiliation and abuse. He further alleges that Defendants Brooks, Korte, Law, Meginson, and Zimmerman failed to intervene and prevent the Orange Crush team members from violating his rights.

Plaintiff initially complained of the abuse that he experienced during the April 14, 2014 shakedown by completing a grievance form between April 14 and April 22, 2014. He made a copy of the grievance at Western's law library on April 22, 2014 (Pl. Aff., Doc. 21-1, at ¶ 8), and then placed the original into the grievance box in his housing unit. This is the procedure for submitting grievances to prison staff that he had been instructed to follow.

Plaintiff does not know what happened with his grievance after he placed it into the grievance box. He never received a response to his grievance, and he never received any instructions for what to do in the absence of a response. He filed this lawsuit approximately 18 months later.

## LEGAL STANDARDS

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir.

2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011).

At the summary judgment stage, the Court may not resolve issues of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains. . . ." *Warsco v. Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable factfinder to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997).

"[D]ebatable factual issues relating to the defense of failure to exhaust administrative remedies" in inmate lawsuits governed by the Prison Litigation Reform Act ("PLRA") are issues to be decided by the judge rather than a jury. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). When there are factual disputes, district courts should hold a hearing to determine whether a plaintiff has exhausted his remedies. *Id.* at 742. However, there is "no reason to conduct an evidentiary hearing" when "there are no disputed facts regarding exhaustion, only a legal question." *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

## DISCUSSION

The PLRA provides that, "No action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Failure to exhaust is an affirmative defense, and

Defendants have the burden of proof." *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) (internal quotation marks and citations omitted).

To exhaust administrative remedies, a prisoner must "adher[e] to the specific procedures and deadlines established by the prison's policy." *Id.* at 842 (internal quotation marks omitted). But, "[a] prisoner need not exhaust remedies if they are not available." *Ross v. Blake*, No. 15-339 Slip Op. at 1 (U.S. June 6, 2016). "A remedy becomes unavailable if prison employees do not respond to a properly filed grievance . . . " *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (internal quotation marks omitted).

The Illinois Department of Corrections Grievance Procedures for Offenders establish the procedures that prisoners must follow to properly exhaust their grievances. *See* 20 Ill. Adm. Code § 504.810, *et seq*. Ordinarily, prisoners must first attempt to informally resolve their complaints with their counselor. *Id.* at § 504.810(a). Prisoners who cannot informally resolve grievances may, within sixty days of discovery of the issue addressed in their grievance, "file a written grievance on a grievance form that shall be made available in all living units." *Id.* Prisoners must address grievances to their grievance officer and deposit them "in the living unit mailbox or other designated repository." *Id.* at § 504.810(b). Grievance officers receiving grievances must "consider the grievance and report his or her findings and recommendations in writing" to the prison's warden. *Id.* at 504.830(d). The warden then must advise the grieving prisoner of a decision "within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." *Id*. If a prisoner is dissatisfied with the manner in which the warden has resolved his

grievance, he "may appeal in writing to the Director [of the Department of Corrections] within 30 days" of the decision. *Id.* at § 504.850(a). Appeals to the Director are reviewed and resolved by an Administrative Review Board ("ARB") appointed by the Director. *Id.* at § 504.850(c). Inmates may only appeal decisions "after receiving the response of the" warden. *Id.* at § 504.850(a).

Defendants argue that Plaintiff failed to exhaust administrative remedies because he failed to file an appeal with the ARB. (Doc. 20 at 5). However, the undisputed facts show that Plaintiff properly complied with the grievance process that was made available to him. He filed his grievance in the "designated repository" approximately one week after the shakedown. *See id.* at §§ 504.810(a)-(b). This action satisfied his obligations under the regulations until he received a response from Western's warden. Such a response did not come within the time contemplated by the regulations, *see id.* at § 504.830(d), so Plaintiff filed this lawsuit.

As Plaintiff never received a response from the warden, he could not appeal to the ARB. *See* 20 Ill. Admin. Code § 504.850(a). The warden's failure to respond to Plaintiff's properly filed grievance made the grievance system unavailable and relieved Plaintiff of his need to appeal. *See Dole*, 438 F.3d at 809; *Ross*, slip op. at 1. Plaintiff did all he needed to do by filing a grievance for which no response was received.

## Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has properly exhausted all available administrative remedies. Defendants' Motion for Summary

Judgment (Doc. 19) is DENIED and the *Pavey* Hearing scheduled for June 29, 2016 is cancelled as unnecessary. IT IS SO ORDERED.

Entered this 23rd day of June, 2016.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
